# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| VICTOR HUGO BAUTISTA-COLORADO, <br><br> Petitioner, <br><br> v. <br><br> MICHAEL BERNACKE, *et al*., <br><br> Respondents. | Case No.: 2:26-cv-00379-RFB-DJA <br><br> **ORDER GRANTING WRIT OF HABEAS CORPUS** |

  Before the Court is Petitioner Victor Hugo Bautista-Colorado's (ECF No. 1) Verified Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241, challenging the lawfulness of his detention at Nevada Southern Detention Center ("NSDC") in the custody of Immigration and Customs Enforcement ("ICE"). Petitioner asserts his detention without a bond hearing under during the pendency of his ongoing removal proceedings violates the Immigration and Nationality Act (INA) and the Due Process Clause of the Fifth Amendment. See Verified Petition for Writ of Habeas Corpus ("Pet."), ECF No. 1. For the following reasons, the Court finds Petitioner's detention without a constitutionally adequate bond hearing is unlawful under the INA and Due Process Clause, and therefore grants the Petition.

  The Court makes the following findings of fact. Petitioner is a noncitizen who has resided in this country for twenty-five years after entering without inspection in or around 2001. Verified Petition ("Pet.") at 4, ECF No. 10. On January 7, 2026, he was taken into custody by ICE Enforcement and Removal Operations ("ERO") pursuant to a Form I-247A immigration detainer lodged by ERO with Clark County Detention Center ("CCDC"), where Petitioner was detained after a January 5, 2026 arrest by Las Vegas Metropolitan Police Department for a misdemeanor

charge of driving under the influence. See Respondents' Return ("Return"), Ex. A, Form I-213, ECF No. 8-1. That charge remains pending, and Petitioner has no other criminal history. See id. When ICE took Petitioner into custody, the Department of Homeland Security ("DHS") commenced removal proceedings against him, charging him as, *inter alia*, being present in the United States without admission or parole and therefore removable pursuant to 8 U.S.C. § 1182(a)(6)(A)(i). Id., Ex. B., Notice to Appear, ECF No. 8-2.

Petitioner sought a custody redetermination hearing (*i.e.* bond hearing) before the Las Vegas Immigration Court pursuant to 8 C.F.R. § 1236. See Return, Ex. C, Order of Immigration Judge, ECF No. 8-3. Petitioner's counsel asserted the class wide declaratory judgment in Maldonado Bautista v. Noem, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025) entitled Petitioner, as a member of the certified "Bond Eligible Class," to an individualized bond hearing under § 1226(a) and its implementing regulations. See id. On January 30, 2026, an immigration judge (IJ) acknowledged the declaratory judgment, but denied Petitioner a bond hearing, because "[t]he official position of the [Executive Office for Immigration Review] is that Maldonado Bautista . . . does not purport to vacate, stay, or enjoin" Matter of Yajure Hurtado, 29 I&N Dec. 216 (BIA 2025) [hereinafter "Hurtado"] so "immigration courts no longer have authority to issue bonds to any individual . . . who has not been admitted to the United States." Id. However, on February 18, 2026, the Maldonado Bautista Court did vacate Hurtado under the Administrative Procedures Act, 5 U.S.C. § 706(2)(A). See Maldonado Bautista v. Noem, No. 5:25-CV-01873-SSS-BFM, 2026 WL 468284 (C.D. Cal. Feb. 18, 2026). Consequently, the immigration court's legal basis for not providing Petitioner with an individualized bond hearing is now void.

The only basis Respondents assert for depriving Petitioner of his liberty is the government's reimagination of the INA, specifically 8 U.S.C. § 1225(b)(2)(A), to authorize mandatory detention—without a hearing—of all noncitizens charged with entering the United States without inspection. Respondents concede that this case is controlled by this Court's prior decisions in similar cases and do not offer any reason this Court should not grant the same relief it has granted to dozens of similarly situated noncitizen habeas petitioners. See, e.g., Jacobo-Ramirez v. Noem. 2:25-CV-02136-RFB-MDC, 2026 WL 310090, at *1 n. 1 (D. Nev. Feb. 5, 2026)

(collecting cases). The Court incorporates by reference its rulings on Respondents' arguments as to jurisdiction, administrative exhaustion, detention under the INA and due process from its decisions in Posada v. Noem, No. 2:26-cv-00050-RFB-BNW, 2026 WL 194715 (D. Nev. Jan. 26, 2026), Jacobo Ramirez v. Noem, No 2:25-cv-02136-RFB-MDC, 2025 WL 3270137 (D. Nev. Nov. 24, 2025), Escobar Salgado v. Mattos, No. 2:25-cv-01872-RFB-EJY, 2025 WL 3205356 (D. Nev. Nov. 17, 2025). Consistent with its prior decisions, the Court finds the government's application of § 1225(b)(2)(A) to Petitioner is unlawful under the INA and unconstitutional under the Due Process Clause of the Fifth Amendment.

The Court is not persuaded to reconsider its statutory analysis by the small pool of nonbinding case law Respondents cite, including the recent Fifth Circuit decision in Buenrostro-Mendez v. Bondi, Nos. 25-20496 & 25-40701, 2026 WL 323330 (slip op.) (5th Cir. Feb. 6, 2026), for many of the reasons identified in dissent by Judge Douglas, see id., at *10-18 (Douglas, J., dissenting), and by other district courts. See, e.g., Carbajal v. Wimmer, No. 2:26-CV-00093, 2026 WL 353510, at *4 (D. Utah Feb. 9, 2026); Singh v. Baltazar, No. 1:26-CV-00336-CNS, 2026 WL 352870 (D. Colo. Feb. 9, 2026).

The Court therefore orders Respondents to provide Petitioner a constitutionally adequate bond hearing pursuant to 8 U.SC. § 1226(a) and its implementing regulations, wherein the government bears the burden of establishing an individualized, constitutionally recognized interest in civilly detaining Petitioner, *i.e.*, that his detention is necessary to prevent danger to the community or to ensure his future appearance at removal proceedings. See Zadvydas v. Davis, 533 U.S. 678, 690 (2001). Consistent with its broad equitable authority to fashion a remedy for unlawful detention "as law and justice require," the Court finds that, considering the constitutional injury Petitioner has suffered and continues to suffer due to Respondents' unlawful detention policies, Respondents must provide a bond hearing promptly, no later than **February 27, 2026**, or immediately release him from custody on his own recognizance. See Carafas v. LaVallee, 391 U.S. 234, 238 (1968).

Based on the foregoing **IT IS HEREBY ORDERED** that the (ECF No. 1) Petition for Writ of Habeas Corpus is **GRANTED**.

1    **IT IS FURTHER ORDERED** that the (ECF No. 2) Motion for Preliminary Injunction is
2    **DENIED as moot**.

3    **IT IS FURTHER ORDERED** that Respondents must provide Petitioner with a
4    constitutionally adequate bond hearing pursuant to 8 U.S.C. § 1226(a) no later than **February 27,**
5    **2026**. The immigration court must create a contemporaneous record of the bond hearing that is
6    available to Petitioner upon request, see Singh v. Holder, 638 F.3d 1196, 1208 (9th Cir. 2011), and
7    consider Petitioner's financial circumstances as well as possible alternative release conditions in
8    setting bond, see Hernandez v. Sessions, 872 F.3d 976, 990 (9th Cir. 2017).

9    **IT IS FURTHER ORDERED** that if bond is granted, Respondents
10   are **ORDERED** to **IMMEDIATELY RELEASE** Petitioner from detention. The Court has
11   received notice of the hardship other petitioners have incurred in their efforts to satisfy bond
12   through ICE payment portals, and, therefore, **IT IS FURTHER ORDERERD** that Petitioner be
13   afforded until **March 27, 2026** to satisfy any monetary bond conditions.

14   **IT IS FURTHER ORDERED** that Respondents are **PERMANENTLY ENJOINED**
15   from invoking 8 C.F.R. § 1003.19(i)(2) to continue Petitioner's detention, as the Court has already
16   found the regulatory automatic stay is facially unconstitutional and adopts that finding here. See
17   Herrera v. Knight, 798 F. Supp. 3d 1184 (D. Nev. 2025).

18   **IT IS FURTHER ORDERED** that if a constitutionally adequate bond hearing is not
19   conducted by **February 27, 2026**, Respondents must **IMMEDIATELY RELEASE**
20   **PETITIONER** from custody **ON HIS OWN RECOGNIZANCE**.

21   **IT IS FURTHER ORDERED** that Respondents are **PERMANENTLY ENJOINED**
22   from detaining Petitioner during the pendency of his current removal proceedings unless and until
23   it is determined that his detention is warranted under § 1226(a) *after* a constitutionally adequate
24   bond hearing.

25   **IT IS FURTHER ORDERED** that Respondents are **PERMANENTLY ENJOINED**
26   from detaining Petitioner pursuant to 8 U.S.C. § 1225(b)(2)(A).

27   **IT IS FURTHER ORDERED** that the Parties shall file a joint status report by **March 2,**
28   **2026**. The status report shall detail if the bond hearing occurred, if bond was granted or denied,

1  and, if denied, the reasons for that denial. If the bond hearing has not occurred or bond was granted,
2  the status report shall confirm Petitioner's release from detention in compliance with this Order.
3        The Clerk of Court is instructed to enter judgment accordingly and close this case. The
4  Court retains jurisdiction to enforce its order and judgment. Petitioner may move to reopen this
5  case to enforce the judgment without filing a separate case.
6        **DATED:** February 25, 2026.

                                                  **RICHARD F. BOULWARE, II**
                                                  **UNITED STATES DISTRICT JUDGE**